IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-51218

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY LEONEL REYNOSO-AMBROCIO,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(DR-01-CR-236-1-0G)

---

November 14, 2002

Before HIGGINBOTHAM, DUHÉ, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Rudy Leonel Reynoso-Ambrocio complains that the district court erroneously enhanced his sentence for illegal reentry into the United States[1] by eight levels after concluding that his prior felony conviction for simple possession of drugs constituted an aggravated felony under the 2001 version of Sentencing Guideline § 2L1.2(b)(1)(B). Based on the analysis we

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 8 U.S.C. § 1326.

applied in *United States v. Caicedo-Cuero*,[2] in which we found that state felony drug possession convictions still constitute drug trafficking crimes for purposes of § 2L1.2(b)(1)(B)'s aggravated felony enhancement under the 2001 version of the guideline, the district court did not err in applying the eight-level enhancement to appellant.[3]

AFFIRMED.

---

[2] No. 02-20751 (5th Cir. Nov. 14, 2002). This opinion is attached.

[3] In *Caicedo-Cuero*, the appellant protested both that his prior conviction for simple possession was not a felony for purposes of the aggravated felony enhancement and that it was not a drug trafficking crime for purposes of the enhancement. *Id.* Here, Reynoso concedes that his prior crime is a felony, and asserts only that his prior felony conviction is not a drug trafficking crime for purposes of the aggravated felony enhancement under the 2001 version of § 2L1.2.